**RECORD NO. 14-4260**

In The

# United States Court of Appeals
### For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

# THOMAS RAY, III,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AT HUNTINGTON

––––––––––––––

## BRIEF OF APPELLANT

––––––––––––––

**Barron M. Helgoe**
**VICTOR VICTOR & HELGOE LLP**
**Post Office Box 5160**
**Charleston, West Virginia  25361**
**(304) 346-5638**

*Counsel for Appellant*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................. ii

I.     STATEMENT OF JURISDICTION ......................................... 1

II.    ISSUES PRESENTED FOR REVIEW ..................................... 1

III.   STATEMENT OF THE CASE .................................................. 1

        Statement of the Facts ................................................. 2

IV.   SUMMARY OF ARGUMENT ................................................. 5

V.    ARGUMENT ............................................................................ 6

        A.    STANDARD OF REVIEW ............................................. 6

        B.    DISCUSSION OF ISSUES .............................................. 7

VI.   CONCLUSION ....................................................................... 16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s)

CASES

*Anders v. California*,
386 U.S. 738, 87 S. Ct. 1396 (1967) .............................2, 5-7, 16

*Estelle v. Gamble,*
429 U.S. 97, 97 S. Ct. 285 (1976) ............................................ 13

*Gall v. United States,*
552 U.S. 38, 128 S. Ct. 586 (2007) ........................................... 7

*Strickland v. Washington,*
466 U.S. 668, 104 S. Ct. 2052 (1984) .............................7, 13-14

*United States v. Baldovinos*,
434 F.3d 233 (4th Cir. 2006) .................................................... 14

*United States v. Bostic*,
168 F.3d 718 (4th Cir. 1999) ...................................................... 6

*United States v. Brown*,
2014 WL 2937091 (4th Cir. 2014) ......................................14-15

*United States v. Daughtrey*,
874 F.2d 213 (4th Cir. 1989) ...................................................... 6

*United States v. Mandello,*
426 F.2d 1021 (4th Cir. 1970) .................................................. 15

*United States v. Moore*,
27 F.3d 969 (4th Cir. 1994) ........................................................ 6

*United States v. Morace*,
594 F.3d. 340 (4th Cir. 2010) ..............................................11-12

*United States v. Olano*,
  507 U.S. 725, 113 S. Ct. 1770 (1993) ........................................ 6

*United States v. Saintil*,
  910 F.2d 1231 (4th Cir. 1990) .................................................... 6

*United States v. Smith*,
  451 F.3d 209 (4th Cir. 2006), *cert denied*,
  127 S. Ct. 197 (2006) ................................................................ 6

CONSTITUTIONAL PROVISION

U.S. Const. amend. VIII .................................................................. 13

STATUTES

720 Ill. Comp. Stat. 5/10-4(a)(1) ...................................................... 3

720 Ill. Comp. Stat. 5/26-1(a)(3) ...................................................... 3

18 U.S.C. § 922(g)(1) ........................................................................ 1

18 U.S.C. § 924(a)(2) ........................................................................ 1

18 U.S.C. § 3231 .......................................................................... 1, 15

18 U.S.C. § 3742 ............................................................................... 1

28 U.S.C. § 994(d)(5) ...................................................................... 12

28 U.S.C. § 1291 ............................................................................... 1

42 U.S.C. § 1983 ............................................................................. 13

RULE

Fed. R. Crim. P. 18 .......................................................................... 15

SENTENCING GUIDELINES

U.S.S.G. § 2K2.1(a)(3) ........................................................................ 10

U.S.S.G. § 2K2.1(b)(1)(A) ................................................................. 10

U.S.S.G. § 4A1.1(a) ............................................................................ 9

U.S.S.G. § 4A1.1(d) ............................................................................ 9

U.S.S.G. § 4A1.1(e) ............................................................................ 9

U.S.S.G. § 4A1.1(p) ............................................................................ 9

U.S.S.G. § 4B1.2(a) ............................................................................ 9

U.S.S.G. § 4B1.2(a)(1) ....................................................................... 9

U.S.S.G. § 5H1.4 (Policy Statement) ................................................. 12

## I.

## STATEMENT OF JURISDICTION

The United States District Court for the Southern District of West Virginia had jurisdiction pursuant to 18 U.S.C. § 3231. This Court's jurisdiction arises under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## II.

## ISSUES PRESENTED FOR REVIEW

There are no discernible legal issues capable of being raised on direct appeal.

## III.

## STATEMENT OF THE CASE

Thomas Ray appeals the sentence imposed upon him by the United States District Court for the Southern District of West Virginia sentencing the Appellant to 78 months for Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A sentencing hearing was held on March 10, 2014, following a plea hearing held on December 9, 2013. A Notice of Appeal was filed March 24, 2014, by District Court counsel. The Appellant requested new counsel, counsel responded and the Court appointed new appellate counsel.

Subsequent to a notice that the newly-appointed appellate counsel was experiencing medical challenges, the undersigned was appointed as replacement CJA appellate counsel.

Statement of the Facts

This counsel, appointed to review the file and ascertain whether there exist any issues capable of presentation on direct appeal, has studied the record of the proceedings in the Court below, reviewed the file of previous counsel, researched the appropriate legal authorities, and discussed the case with the Appellant via telephone. The undersigned counsel has concluded that there are no issues "that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Therefore, in lieu of a petition for appeal, in support thereof, the undersigned counsel files this brief setting forth the facts and law of the case.

As to the underlying case, on February 5, 2013, law enforcement in Huntington, West Virginia, were notified by members of the Great Lakes Regional Fugitive Task Force requesting assistance in locating and apprehending the Appellant who was wanted for violating conditions of parole in the State of Illinois stemming from a felony conviction dated November 18, 2010. At approximately 10:30

2

in the morning, the Appellant was seen leaving a residence located at 2121 A 9th Avenue in Huntington, West Virginia. He was apprehended and found to be possession of a Glock 23 .40 Caliber loaded pistol and some loose .40 Caliber ammunition. The Appellant consented to a search of his home and additional weapons, a Mossberg 12-gauge shotgun, an AR-15 and a .22 Caliber long rifle, and some additional ammunition were found. The Appellant was indicted in the Southern District of West Virginia on two felon-in-possession counts on February 23, 2013. Count 1 related to the pistol found on his person and Count 2 related to the additional firearms found in the home.

Both counts alleged as predicate underlying felonies that the Appellant was prohibited from possessing a firearm due to two prior felony convictions in Illinois, to wit: (1) a February 28, 2012 conviction in the Circuit Court of Will County, Illinois, on the charge of violating Illinois Statute Chapter 720 § 5/10-4(a)(1), Forcible Detention/Armed, and 2) a February 28, 2012, conviction in the Circuit Court of Will County, Illinois, on the charge of violating Illinois Statute Chapter 720 § 5/26-1(a)(3), Giving a False Bomb/Gas Alarm.

3

The Appellant and the Government entered into a plea agreement with stipulations, in which the Appellant agreed to plead guilty to Count 1, the pistol, and the Government agreed to dismiss Count 2, the additional weapons. The plea agreement also included a waiver of the Appellant's right to appeal his sentence, except on the grounds of ineffective assistance of counsel, so long as the sentence was below or within the guideline range corresponding to an adjusted base offense level of 24 before consideration of acceptance of responsibility, as well as a waiver of his right to assert a collateral attack except on the grounds of ineffective assistance.

The District Court held a plea hearing and accepted the plea at sentencing following a resolution of Appellant's objections to the pre-sentence report. In addition to objections to the attribution of points, the Appellant requested a variance due to the presence of a serious medical condition, a suprapubic catheter. During the pendency of the lower court proceedings the Appellant requested *pro se*, by motion and by counsel, that the Appellant receive adequate medical treatment for his catheter which was infected, clogged and causing the Appellant considerable distress due to the lack of supplies provided and attention and treatment given to his long-standing condition,

4

a condition the Appellant asserted worsened while he was incarcerated. While the Court noted the existence of the condition and the challenges in receiving treatment and supplies, a variance request was denied by the District Court at sentencing as was an additional objection as to the calculation of criminal history.

The Appellant was sentenced to 78 months of confinement and three years of supervised release. Due to the Appellant's serious medical condition, the Court recommended that he be placed at Lexington FCI and be evaluated for corrective surgery or other medical treatment.

## IV.

## SUMMARY OF ARGUMENT

The undersigned counsel offers a brief argument in support of the *Anders* brief. There are no meritorious issues capable of being raised on direct appeal inasmuch as the lower court had jurisdiction over the proceedings and there was no evidence adduced at the plea or sentencing hearing of any procedural error, substantive sentencing error, or any prejudicial legal ineffectiveness.

V.

ARGUMENT

A.

STANDARD OF REVIEW

As this Petition is an *Anders* brief, the standard of review is *de novo* of the entire record. *Anders v. California*, 386 U.S. 738, 743, 87 S. Ct. 1396, 1399 (1967). For traditional issues raised on appeal, the District Court's factual findings are reviewed under a clear error standard of review, *United States v. Daughtrey*, 874 F.2d 213 (4th Cir. 1989), and the District Court's legal conclusions are subject to a *de novo* review. *United States v. Saintil*, 910 F.2d 1231 (4th Cir. 1990). Decisions regarding the admission or exclusion of evidence are subject to a review for clear abuse of discretion. *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994). Claims of insufficiency of the evidence to convict are reviewed *de novo*. *United States v. Smith*, 451 F.3d 209, 216 (4th Cir.), *cert denied*, 127 S. Ct. 197 (2006). Mixed questions of law and fact are subject to a due deference standard of review. *United States v. Bostic*, 168 F.3d 718 (4th Cir. 1999). Unobjected-to errors are subject to "plain error" analysis under *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770 (1993).

Ineffectiveness of counsel claims are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  Sentencing review is conducted under "the deferential abuse-of-discretion standard of review."  *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 598 (2007).

B.

DISCUSSION OF ISSUES

In *Anders*, *supra*, the United States Supreme Court reaffirmed the notion that counsel must support the client's appeal to the best of his or her ability.  However, the Court also recognized that there might be instances when counsel, after examination of the record, finds the appeal to be without merit.  Counsel must, however, after a conscientious examination of the record, submit "a brief referring to anything in the record that might arguably support the appeal."  *Id*. at 744, 87 S. Ct. at 1400.

The *Anders* Court held that it is the province of the appellate courts to make the determination, after full examination of all the proceedings, whether an appeal is without merit and frivolous. However, as the record in this case reveals, there are really no issues capable of being reviewed on direct appeal.

7

It appears from the record of the proceedings before the District Court that the Appellant pled guilty, that there was an adequate factual basis for the plea agreement, and that the Appellant agreed in the transcripts that his legal counsel was satisfactory, and understood and waived his constitutional rights. He was advised of the minimum and maximum penalties he was facing and that the District Court would not know the exact sentence he would receive until after the Presentence Report (the "PSR") was prepared. At his sentencing, the Appellant's counsel noted that he and the Appellant had reviewed the PSR, and his counsel agreed to proceed with the sentencing. The record also indicates that the Appellant made a knowing, intelligent, and voluntary waiver of his right to appeal and his right to collaterally attack his sentence. He did not waive such rights based on ineffective assistance of counsel.

District Court counsel did object to the calculation of the criminal history. A review of the record, however, does not identify any error in the calculation. The Appellant was assessed an initial 4 criminal history points in the final PSR, after the counsel successfully resisted the attribution of an additional point for a resisting charge. The predicate felonies were properly assessed an initial 3 points under

U.S.S.G. § 4A1.1(a), bringing the total to 7 points. The probation officer then added two points correctly under U.S.S.G. § 4A1.1(d) because the Appellant committed the instant offense while on parole, bringing the revised total to 9 points. Finally, the revised PSR included an additional point under U.S.S.G. § 4A1.1(e) because the prior sentences for both underlying predicate felonies related to the Forcible/Detention Armed and False Bomb/Gas Alarm constituted a single sentence, and because that single sentence included a crime of violence. The criminal history totaled 10 points.

Counsel below continued his calculation objection at the sentencing hearing, arguing that the False Bomb/Gas Alarm charge was not a "crime of violence" noting that the facts did not allege the Appellant had any intention or ability to carry out such a threat. The District Court below disagreed. For purposes of U.S.S.G. § 4A1.1(e) a "crime of violence" is defined in 4B1.2(a). See U.S.S.G. § 4A1.1(p). Under U.S.S.G. § 4B1.2(a) a crime of violence "means any offense…that has…an element of the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The Court found that threatening to use

explosives was analogous to the threatened use of "physical force." No authority contradicting this conclusion has been located.

Accordingly, the Appellant was found to be in Criminal History Category V because he had 10 criminal history points. The agreed base offense level was 22 under U.S.S.G. § 2K2.1(a)(3). Two additional levels were added pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved 3-7 firearms. In this case, the total number of firearms seized was four. This increased the offense level to 24. Level 24 was the maximum offense level which the Appellant and the Government anticipated in the written plea agreement. The Appellant received a two-level reduction for acceptance of responsibility and a further one-level reduction for acceptance of responsibility following the Government's motion. As the Appellant was in Criminal History Category V with 10 points, and at offense level 21, the guideline range was 70-87 months. The Appellant was sentenced in the middle of the range at 78 months.

> Since the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the sentencing guidelines have been advisory, and our review of criminal sentences "is limited to determining whether they are 'reasonable.'" *Gall*, 552 U.S. at 46, 128 S. Ct. 586. We must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range,

10

> treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id*. at 51, 128 S. Ct. 586. If we find no significant procedural error, we must "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. In doing so, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id*.

*United States v. Morace*, 594 F.3d. 340, 345-346 (4th Cir. 2010) (footnote omitted). In the instant case, the record, as detailed above, does not disclose a significant procedural or substantive sentencing error.

Finally, the Appellant arguably received inadequate medical care while in custody during the pendency of the lower court proceedings. The Appellant raised this issue *pro se* and through counsel and the District Court addressed this issue at the plea hearing and sentencing hearing, as well as through orders filed in response to the *pro se* motions of the Appellant. The Court expressed particular concern that the Appellant receive proper care and supplies. However, even if the medical treatment received during the time the case was heard below was inadequate, the record available does not give rise to a sufficient argument justifying remand.

11

The Sentencing Reform Act provides that the Sentencing Commission "shall consider whether" various factors, including a defendant's physical condition, "have any relevance" to the "imposition of [a] sentence[ ] of ... imprisonment," and that it "shall take th[ose factors] into account only to the extent that they do have relevance." 28 U.S.C. § 994(d)(5). "An extraordinary physical impairment may be a reason to depart downward." U.S.S.G. § 5H1.4 (Policy Statement). At the sentencing hearing, counsel below did make an argument for a variance, not a departure, from the guidelines due to the Appellant's medical condition; the District Court concluded that the condition was not a basis for sentence mitigation. Compare, *Morace*, *supra*, at 245-346.

In addition, in the passages of the transcript where the Appellant personally addressed the lower court, he appeared polite, lucid and coherent, without any evidence of mental deficiencies rising to the level of legal incompetence. None, as such, was raised by the Appellant's trial counsel.

The Appellant is currently in the care of the Federal Bureau of Prisons and housed at FCI Allenwood. The Appellant has noted to counsel that his struggle to receive adequate care continues. The

Appellant arguably might raise the issue that custody for him, because of this serious medical condition, constitutes cruel or unusual punishment and is a violation of the Eight Amendment because his condition cannot be treated adequately in a prison environment, and that without adequate treatment the Appellant suffers pain. As the Court is aware, a prisoner may prove a civil 42 U.S.C. § 1983 claim for cruel and unusual punishment under the Eighth Amendment if he demonstrates that prison officials have been deliberately indifferent to a serious medical need. *See*, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). As for establishing a claim on direct criminal appeal that would permit this Honorable Court to conclude that, because of his serious medical condition, *any* custodial sentence for the Appellant imposed by the lower court would be constitutionally defective, the record available to the undersigned counsel is inadequate to justify such an argument.

The Appellant's plea agreement with waiver anticipated the maximum offense level attributable and the Court's findings below did not go beyond this. The Appellant did *not* waive claims related to ineffective assistance of counsel. Ineffective assistance of counsel claims are required to meet the two-part test established in *Strickland*

*v. Washington*, 466 U.S. 668, 686 (1984). The *Strickland* test requires an Appellant prove both from the face of the record (1) that his attorneys' conduct fell below an objective standard of reasonableness; and (2) that the attorneys' deficient performance caused him prejudice. *Id*. at 687-91. The Appellant has alleged numerous claims of ineffective assistance in his motion for new appellate counsel filed with the District Court related to prior attorneys assigned to him during the lower court proceedings: failure to investigate his medical claims, failure to obtain records or correct records, failure to communicate, failure to provide/secure law books/library access, failure to consult properly regarding the plea and PSR. However, the face of the record as it stands does not admit such ineffectiveness without additional fact-finding. "[The Court] routinely decline[s] to address on direct appeal a criminal defendant's contention that counsel has performed in an ineffective manner, unless 'the lawyer's ineffectiveness conclusively appears from the record.' *United States v. Bernard*, 708 F.3d 583, 593 (4th Cir. 2013)." *United States v. Brown*, 2014 WL 2937091 (4th Cir. 2014). And *see*, *United States v. Baldovinos*, 434 F.3d 233 (4th Cir. 2006). Such a conclusion, however, would not "prejudice, or prejudge, in any way [an

Appellant's] right to apply for relief in a [habeas corpus] proceeding, should he choose to invoke such remedy." *United States v. Mandello*, 426 F.2d 1021, 1023 (4th Cir. 1970).

In addition, the Appellant also claimed in the same motion, filed after the notice of appeal was filed, that he took the plea only because he was sick and/or under duress to secure better medical care. The District Court record, as it currently stands, with its extensive plea colloquy, does not show the Appellant was legally incompetent to enter the plea.

Finally, under 18 U.S.C. § 3231 and Fed. R. Crim. P. 18, the Southern District of West Virginia had the appropriate jurisdiction over the proceedings in question. Although jurisdictional issues can be raised for the first time on appeal, none could be taken here.

Therefore, it does not appear to counsel that there are any meritorious claims deserving a direct criminal appellate review. The undersigned counsel cannot discern any other infirmities during the proceedings below that would rise to the level of a colorable claim.

VI.

<u>CONCLUSION</u>

Finding no basis upon which to raise a colorable issue on direct

appeal, the undersigned counsel respectfully submits this *Anders* brief.


Respectfully submitted,

Thomas Ray, III
By Counsel

/s/ Barron M. Helgoe
Barron M. Helgoe
VICTOR VICTOR & HELGOE LLP
Post Office Box 5160
Charleston, West Virginia  25361
Tel. (304) 346-5638 or (304) 346-3655
West Virginia State Bar ID # 8244

16

## <u>CERTIFICATE OF COMPLIANCE</u>

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*2,991*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>September 3, 2014</u>        <u>/s/ Barron M. Helgoe</u>
                                                       *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 3d day of September, 2014, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Joseph F. Adams
> OFFICE OF THE U.S. ATTORNEY
> Post Office Box 1239
> Huntington, West Virginia  25714
> (304) 529-5799
>
> *Counsel for Appellee*

I further certify that on 3d day of September, 2014, 2014, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon appellant:

Thomas Ray, III (Register No. 11265-088)
USP Allenwood
U.S. Penitentiary
Post Office Box 3000
White Deer, Pennsylvania  17887

/s/ Barron M. Helgoe
*Counsel for Appellant*
